UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN D. FIGUEROA,

      Petitioner,

v.                    Case No: 2:12-cv-212-FtM-29CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

      Respondents.

_____

## OPINION AND ORDER

### I. Status

Petitioner Juan Figueroa (hereinafter "Petitioner"), proceeding with the assistance of counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") and supporting memorandum of law (Doc. #2, "Memorandum") challenging his judgment and conviction of first degree murder and attempted robbery with a firearm entered in the Twentieth Judicial Circuit Court, Lee County, Florida. Petition at 1. Petitioner was sentenced to life imprisonment on count one and a twenty-year[1] term imprisonment on count two. The Petition raises eight grounds of ineffective assistance of trial counsel.

---

[1]Petitioner was initially sentenced to a twenty-year term and then re-sentenced to a twenty-five year term of imprisonment on count two. Upon the subsequent remand from the appellate court, the trial judge resentenced Petitioner to the initial twenty-year term of imprisonment on count two.

Respondent[2] filed a Response (Doc. #10, Response) opposing the Petition and attached supporting exhibits (Doc. #13, Exhs. 1-4) consisting of the record on direct appeal and postconviction pleadings.  Respondent argues that grounds six and seven are unexhausted and are now procedurally defaulted.  Respondent further argues that all grounds fail to satisfy § 2254(d)(1).  This matter is ripe for review.

## II. Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Consequently, post-AEDPA law governs this action.  Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

---

[2]Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition."  Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'"  Id. at 435-436.  In this case, the proper Respondent is the Secretary of the Florida Department of Corrections.  The Florida Attorney General is dismissed from this action.

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless

the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v.

Richter, 131 S. Ct. at 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

**B. Federal Claim Must Be Exhausted in State Court**

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" Walker v. Martin, ____ U.S. ____, 131 S. Ct. 1120, 1127 (2011)(quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). This imposes a "total exhaustion"

requirement in which all of the federal issues must have first been presented to the state courts. <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." <u>Mason v. Allen</u>, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) and <u>Castile v. Peoples</u>, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. <u>Anderson v. Harless</u>, 459 U.S. 4, 7 (1983).  A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995)(per curiam).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting <u>Kelley v.</u>

Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." Smith, 256 F.3d at 1138. A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008).

## C.  Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to

determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 8, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the

particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny.  Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue.  Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client").  "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"  Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### III. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court.  Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds

that the pertinent facts of the case are fully developed in the record before the Court.  Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### A.   Unexhausted and Procedurally Defaulted Claims

#### 1.   Grounds Six and Seven

Respondent argues that grounds six and seven were not properly exhausted and are now procedurally defaulted under Florida law. In ground six, Petitioner argues that trial counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights under the United States Constitution because counsel failed to investigate and object to the factual basis that the Petitioner was a minor at all times during the arrest and interrogation.   Petition at 7.   Respondent submits that this ground is unexhausted because it was never presented to the Florida courts.   Response at 7.

A review of Petitioner's postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850 and his amended Rule 3.850 motion confirm that Petitioner did not raise any ineffective assistance of counsel claim for failure to investigate or develop the fact that Petitioner was a minor at the time of his arrest and interrogation.   See Exh. 3-A.   To the contrary, Petitioner in fact raised a related claim as one of trial court error, recognizing that the Petitioner's age at the time of arrest was the subject of

the September 20, 2005 hearing.  See Direct Appeal Brief, Exh. 002 at 38 (citing A, v. I, 290-383).  Because Petitioner never raised the claim he raises sub judice before the State court, this ground is unexhausted and now procedurally defaulted under Florida law. Supra at 6-7; see also Fla. R. Crim. P. 3.850 (requiring postconviction motions under 3.850 to be filed within two years of the date the sentence became final).

In ground seven, Petitioner argues that defense counsel rendered ineffective assistance by advising him that there was a viable theory of self-defense.  Petition at 7.  Petitioner argues that based upon counsel's advice, he rejected the State's plea offer.  Id.  Respondent submits that this ground is unexhausted and now procedurally defaulted because Petitioner did not raise the same argument in the Florida courts.  Response at 7.

The Court disagrees with Respondent and finds Ground Seven was exhausted before the Florida court.  Petitioner raised the same claim concerning counsel's advice about a self-defense theory in his postconviction motion.  See Exh. 3A at 11.  Specifically, Petitioner argued that defense counsel misinformed him as to the merits of a defense of self-defense such that defendant rejected the State's plea offer.  Id.  This is the same argument the instant federal Petition raises.  Thus, the Court finds Ground Seven was properly exhausted before the state court and will address the merits of this claim below.

### 2.  Ground Eight

Petitioner argues that trial counsel was ineffective in failing to seek reconsideration and following with an interlocutory appeal from the denial of a portion of Petitioner's motion to suppress his statement.  Petition at 8.  The trial court held suppression hearings on March 11, 2004, September 20, 2005, and March 8, 2006, resulting in a partial denial of the motion to suppress Petitioner's taped confession.  Id.  The basis for the motion to suppress stemmed from the fact that Petitioner was a minor at the time of the investigation and that the officers used a "question first, warn later" method.  Id.

In Response, Respondent notes that Strickland does not mandate defense counsel to seek reconsideration of a trial court's decision rejecting the argument raised.  Response at 17.  Further, Respondent argues that Florida law prohibits an interlocutory appeal from the denial of a motion to suppress.  Id. (citing Fla. R. Crim. P. 9.140).  Instead, Respondent submits that defense counsel was required to make his record, which he did, and seek an appeal after the judgment and sentence became final, which he also did.  Id.  Respondent also argues this ground was not exhausted because Petitioner never raised a claim of ineffective assistance of counsel for these reasons before the state court.  Id. at 19.

The Court agrees that Ground Eight was unexhausted and now procedurally defaulted under Florida law.  A review of Petitioner

Rule 3.850 motion shows that he never raised this argument before the state court concerning counsel's ineffectiveness for failure to seek reconsideration and then an interlocutory appeal. <u>Supra</u> at 6-7. Accordingly, the Court dismisses Ground Eight as unexhausted and now procedurally defaulted.

### B. Exhausted Claims

#### 1. Ground One

Petitioner argues that defense counsel rendered ineffective assistance of counsel for waiving his presence at the resentencing hearing, without Petitioner's authorization. Petition at 2. Petitioner cites to Federal Rule of Criminal Procedure 32 and 43 and appellate court cases in support of the proposition that a defendant has a constitutional right to be present at sentencing. Memorandum at 6-7.

In Response, Respondent sets forth the case history leading to Petitioner's resentencing. Response at 9. On direct appeal Petitioner argued that he was improperly sentenced. <u>Id.</u> At the conclusion of the jury trial, the trial judge imposed a sentence of 20-years imprisonment on the attempted robbery charge set forth in count two. Florida law, however, provides a minimum mandatory sentence of no less than 25-years imprisonment for attempted robbery so the original sentence imposed on Petitioner was too low. <u>Id.</u> So, the state sought to correct the mistake the day after Petitioner's sentence was imposed. The trial court

reconvened the day after the original sentence and entered a corrected order. Id. (citing Exh. 1, p. 585-595). The trial court did not have the authority to increase the sentence once the other sentence was imposed. Id. On direct appeal, the appellate court reversed and directed the trial court to impose the original sentence of 20 years. Id. at 10. Petitioner was present at both the original sentencing hearing and the first resentence, but was not present at the second resentencing upon remand from the appellate court. Thus, Respondent argues that the state court's decision denying Petitioner relief on this claim was reasonable and that Florida court's have deemed this a "ministerial act." Id.

Petitioner raised this claim of ineffective assistance of counsel as his first ground for relief in his Rule 3.850 motion. Exh. 3-A at 4. In denying his claim for relief, the postconviction court found as follows:

> A previously mentioned, the Second District Court of Appeal mandated the sentence on count 2 be supplanted by the term of imprisonment declared at the sentencing hearing which was twenty years because the Court had violated Defendant's double jeopardy rights when, one day after sentencing, it amended Defendant's sentence for the attempted robbery to twenty-five years imprisonment. Figueroa v. State, 3 So. 3d 428, 419 (Fla. 2d DCA 2009). Defendant is correct in his assertion that after remand from the Second District Court of Appeal his trial counsel waived his presence at the hearing scheduled to reinstate the original sentences instructed by the Second

- 14 -

> District Court of Appeal.  However, Defendant
> was present at the initial sentencing hearing
> on June 6, 2007, in which he was sentenced to
> the original term of imprisonment which was
> later mandated by the Second District Court of
> Appeal.  Therefore, the resentencing hearing
> was simply a formality so as to reinstate the
> original sentence and ministerial in nature,
> and  Defendant  cannot  demonstrate  how  his
> absence at the hearing prejudiced the defense
> or how the result of the proceeding would have
> been different he had been in attendance.  The
> Court  find  that  trial  counsel's'  wavier  of
> Defendant's  presence  at  the  resentencing
> hearing     was     appropriate     under     the
> circumstances  and  limited  nature  of  the
> hearing, and counsel cannot be found to have
> been  ineffective.   Accordingly,  Ground  1  is
> denied on the merits.

Exh. 3; Exh. 4 at 2-3.  The appellate court <u>per</u> <u>curiam</u> affirmed

the postconviction court's order of denial.  Exh. 4.

     The  State  courts'  denial  was  not  contrary  to  nor  an

unreasonable application of <u>Strickland</u>.  Nor did the decision rely

on  an  unreasonable  application  of  the  facts  in  light  of  the

evidence  presented.   Significantly,  the  Petition  and  attached

memorandum  only  argue  that  defense  counsel  rendered  deficient

performance  by  waiving  Petitioner's  presence  at  the  second

resentencing.   Petitioner  does  not  attempt  to  show  the  required

prejudice pursuant to <u>Strickland</u>, which would be a difficult task

here considering Petitioner was in fact re-sentenced to a shorter

length  of  imprisonment  at  the  second  resentencing  hearing.   The

State  court's  determination  that  the  resentencing  hearing  was

merely  ministerial  in  nature  based  upon  the  remand  from  the

appellate court was reasonable. Petitioner was present when the twenty-year sentence was initially imposed. See Response at 10 (citing Exh. 1, p. 223-234). Due to Petitioner's failure to establish that the State court's decisions were an unreasonable application of both prongs of Strickland, Petitioner is denied relief on Ground One.

**2. Grounds Two and Three**

The Court discusses Grounds Two and Three together because both allege ineffective assistance of counsel relating to the jury instructions. In Ground Two, Petitioner argues that defense counsel rendered ineffective assistance for failing to seek inclusion of jury instructions on the lesser-included offenses. Petition at 4. Petitioner submits that counsel failed to object to the omission of jury instructions on the lesser included offenses of manslaughter and heat of passion, or to at least request that these instructions be included in the jury charges. Id. In Ground Three, Petitioner argues that defense counsel rendered ineffective assistance when counsel failed to seek modification of the manslaughter instruction to include the heat of passion possibility. Petition at 5.

In Response to Ground Two, Respondent recognizes that Petitioner raised this claim in his Rule 3.850 motion. Petitioner asserted that counsel should have requested to modify the standard manslaughter instruction to remove the "intent" requirement as the

Florida Supreme Court as required in Montgomery v. State, 39 So. 2d 252 (Fla. 2010).  Response at 11.  Respondent argues, however, that the Montgomery case was decided after Petitioner's conviction and is not a retroactive decision.  Id. (emphasis added).  Thus, Respondent argues that defense counsel cannot be deemed ineffective in violation of Strickland for failing to anticipate a change in the law.  Id.

In Response to Ground Three, Respondent supposes that Ground Three takes issue with the jury instruction because it contained no explanation as to what is meant by the term "heat of passion." Response at 11.  Referring to the jury instructions, Respondent notes that the jury was actually informed as to the heat of passion possibility as follows: homicide is justifiable "when the killing occurs by accident and misfortune in the heat of passion based upon any sufficient and sudden provocation."  Id. at 12 (citing Exh. 1 at 766).  Thus, Respondent takes issue with Petitioner's argument because he does not advise how he would have preferred the jury instruction to read.  Id.  Respondent argues that Ground Three is conclusory in nature and does not warrant relief.  Id.

Petitioner raised these claims as ineffective assistance of counsel claims in his Rule 3.850 motion as grounds two subpart (a) and ground two subpart (b).  Exh. 3-D.  The postconviction court rejected both claims. In pertinent part, the postconviction court found as follows:

In Ground 2b, Defendant asserts that trial counsel was ineffective for failing 'to seek inclusion of jury instructions on lesser included offenses including manslaughter and heat of passion.'  The record conclusively refutes Defendant's claim that the jury was not instructed on lesser included offenses. A copy of the instructions are attached hereto.  Furthermore, at the trial, the Court instructed the jury as to lesser included offenses. (T. 764-70).   Accordingly, Defendant's Ground 2a is conclusively refuted by the record and is without merit.

Defendant asserts that trial counsel was ineffective for 'failing to seek to include a manslaughter instruction and for failing to object to the Court's proposed instructions due to omission of instruction on lesser included offenses and for failing to see a manslaughter instruction that accurately reflected the law.' . . . . . [T]he record conclusively refutes Defendant's claims that the jury was not instructed on lesser included offenses. . . . . Defendant further argues that the instruction for manslaughter would have impermissibly required proof of intent,' citing to State v. Montgomery, 35 Fla. L. Weekly S204 (Fla. Apr. 8, 2010).  "A retroactive change in law must be announced by the Florida Supreme Court or the United States Supreme Court to warrant postconviction relief . . . ." Jackson v. State, 849 So. 2d 321, 322 (Fla. 2d DCA 2003)(citing Witt v. State, 387 So. 2d 922 (Fla. 1980), cert. denied, 449 U.S. 1067, 101 S. Ct. 796, 66 L.Ed.2d 612 (1980); Card v. Dugger, 512 So. 2d 829 (Fla. 1987)).  While the Court in Montgomery held that the State does not have to prove that a defendant intended to kill the victim to be convicted of manslaughter but only must prove the intent to commit an act which caused the victim's death, the Florida Supreme Court did not announce a retroactive change in the law. Montgomery, 35 Fla. L. Weekly S204.  The Court finds that trial counsel's failure to object to the jury instructions regarding the

> required proof of intent to prove manslaughter
> cannot be found to have been ineffective.
> Accordingly, Defendant's Ground 2b is without
> merit.

Exh. 3-D; Exh. 4.   The appellate court per curiam affirmed.   Exh. 4.

The State courts' denial was not contrary to nor an unreasonable application of Strickland.   Nor did the decision rely on an unreasonable application of the facts in light of the evidence presented.   With regard to Ground Two, the trial court read the jury instructions that followed Florida's model jury instructions standard.   Considering Petitioner was charged with first degree felony murder and attempted robbery with a firearm, the court instructed the jury that there are lesser-included offenses that they should consider and informed them that the lesser included offenses of first degree felony murder are: second degree murder and manslaughter.   With respect to the attempted robbery with a firearm charge, the court informed the jury that the lesser included offense was attempted robbery.   Exh. 1-A at 115.

"To provide effective representation, lawyers are not required to 'make arguments based on predications of how the law may develop.'"   Pimental v. Fla. Dep't of Corr., 560 F. App'x 942, 945 (11th Cir. 2014)(citing Spaziano v. Singletary, 30 F.3 1028, 1039 (11th Cir. 1994)(quotation marks omitted); Funchess v.

<u>Wainwright</u>, 772 F.2d 683, 691 (11th Cir. 1985)("The failure of counsel to anticipate that an otherwise valid jury instruction would later be deemed improper by the state judiciary does not constitute ineffective assistance of counsel.")). Here, Petitioner's direct appeal concluded on February 18, 2009. The first Florida appellate court to conclude that use of the manslaughter instruction was fundamental error did so in October 2010, nearly a full year later. Counsel's failure to anticipate this change in Florida law does not constitute ineffective assistance of counsel. With regard to Ground Three, the record refutes Petitioner's allegations. The jury was instructed on the heat of passion. Defense counsel cannot be faulted for failing to seek some additional instruction as to what the instruction means. Accordingly, Petitioner is denied relief on Grounds Two and Three.

### 4. Ground Four

Petitioner argues that defense counsel rendered ineffective assistance when counsel failed to renew his objection to the state's improper preemptory strike of a Hispanic prospective juror. Petition at 5. In support, Petitioner explains that defense counsel objected to the State's strike of juror Odette Suarez and the State provided no reason in support of the strike. <u>Id.</u> The state then exercised a back strike on Suarez and counsel objected. The state explained that the strike was based on "a

non-distinguished language barrier." *Id.* Suarez was then stricken from the jury. *Id.* Before the jury was impaneled, Petitioner states that defense counsel failed to renew his objection.  The court then asked the defendant if he was satisfied with the panel and he answered in the affirmative. *Id.* Petitioner argues that he believed that counsel's initial strike was sufficient to preserve the matter for appeal. *Id.* Later, however, Petitioner learned that defense counsel's failure to renew the objection failed to preserve the matter for appeal. *Id.*

In Response, Respondent notes that Petitioner raised this ground of ineffective assistance of defense counsel in his Rule 3.850 motion.  Response at 12-13.  Significantly, however, Respondent points out that the appellate court's decision does not contain any indication that its ruling was predicated on a conclusion that the matter was waived or barred from review. *Id.* at 13.  Further, Respondent argues that even if the Court assumes that the matter was preserved, there is no evidence that the juror who was stricken was in fact Hispanic. *Id.*

A review of the record confirms that Petitioner raised this *Strickland* issue as ground three in his Rule 3.850 motion.  Exh. 3-D at 5-6. The postconviction court denied Petitioner relief on this claim finding as follows:

> Defendant asserts that his trial counsel was
> ineffective for failing to preserve a *Neil*
> objection to the jury panel regarding the

State's alleged improper preemptory strike on a Hispanic juror. A claim of trial counsel's failure to raise or preserve a *Neil* challenge cannot demonstrate prejudice sufficient to support postconviction relief and is therefore not a cognizable claim. <u>Jones v. State</u>, 10 So. 3d 140, 142 (Fla. 4th DCA 2009); <u>Yanes v. State</u>, 960 So. 2d 834 (Fla. 3d DCA 2007); <u>see</u> <u>Carratelli v. State</u>, 961 So. 2d 312 (Fla. 2007). Accordingly, Defendant's ground [] is not cognizable.

Exh. 3-D at 4-5; Exh. 4. The appellate court <u>per curiam</u> affirmed. Exh. 4.

The State courts' denial was not contrary to nor an unreasonable application of <u>Strickland</u>. Nor did the decision rely on an unreasonable application of the facts in light of the evidence presented. Initially, as Respondent points out, there is no indication that the appellate court found the claim concerning the state's decision to strike juror Suarez from the venire barred, or waived, due to defense counsel's failure to object. <u>See</u> Exh. 2. Thus, Petitioner's attempt to allege prejudice as a result of waiver of a ground on appeal is not supported by the record.

In denying Petitioner's ineffective assistance of counsel claim, the postconviction court cited cases that held that defense counsel could not be deemed ineffective, or establish prejudice, by failing to object to a stricken juror, unless the defendant could prove that he or she actually had a biased jury. In other words, these Florida cases stood for the proposition that defense

counsel's failure to object, does not mean that a bias juror sat on the jury.

To address the instant ineffective assistance of defense counsel claim, the Court must address the underlying claim concerning the juror, which Petitioner raised on direct appeal. Exh. 2. "Although a prosecutor ordinarily is entitled to exercise permitted peremptory challenges 'for any reason at all, as long as that reason is related to his view concerning the outcome' of the case to be tried, . . . the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black juror as a group will be unable to impartially consider the State's case against a black defendant." Batson v. Kentucky, 476 U.S. 79, 89 (1986)(internal citations omitted). "Batson challenges" have been extended to ethnic origin. Hernandez v. New York, 500 U.S. 352 (1994). The following three-part test applies to Batson claims:

> The defendant must first establish a prima facie case by producing evidence sufficient to support the inference that het prosecutor exercised peremptory challenges on the basis of race. Johnson v. California, 545 U.S. 162 (2005). The burden then shifts to the State to rebut the defendant's prima facie case by offering race-neutral explanations for its challenges. Batson, 476 U.S. at 97. The State's proffered explanation at this stage need not be 'persuasive or even plausible . . . the issue is the facial validity of the prosecutor's explanation." Purkett v. Elem, 514 U.S. 765, 768 (1995)(internal quotation omitted).

> If both sides carry their burdens, it is left to the court to determine whether the defendant has proven purposeful discrimination. <u>Batson</u>, 476 U.S. at 98. At this point, "the decisive question will be whether counsel's race-neutral explanation . . . should be believed." <u>Hernandez v. New York</u>, 500 U.S. 352, 365 (1991)(plurality opinion). This is a "pure issue of fact, subject to review under a deferential standard . . . [and] peculiarly within a trial judge's province." <u>Id.</u> at 364-65.

<u>McNair v. Campbell</u>, 416 F.3d 1291, 1310 (11th Cir. 2005). Here, the state provided a race-neutral reason for the peremptory challenge, i.e., due to juror Suarez' difficulty understanding and speaking English since Spanish was her first language. The state distinguished Suarez from another juror, who was Korean, and whose first language at home was English. Considering the state provided a race-neutral reason for striking Suarez, the State courts' decision is reasonably because defense counsel cannot be faulted for failing to object a second time. Accordingly, Petitioner is denied relief on Ground Four.

### 5. Ground Five

Petitioner argues that defense counsel failed to properly develop and present a mental health defense other than insanity based upon prolonged, excessive drug use, specifically cocaine and xanax. Petition at 6; Response at 15.

In Response, Respondent argues that Petitioner cannot establish a violation of <u>Strickland</u> because Florida law has

prohibited the use of voluntary intoxication as a defense since 1999. Response at 15.

A review of the record reveals that Petitioner raised this claim as ground four in his Rule 3.850 motion.  The postconviction court found as follows:

> Defendant asserts that his trial counsel was ineffective for failing to assert a mental health defense other than insanity and further asserts that a defense of insanity due to prolonged drug use should have been presented. A voluntary intoxication defense became unavailable after the statute eliminated the defense was enacted. See Fla. Stat. 775.052, Fla. Stat.  In fact, 775.052, Fla. Stat. prevents the admissibility of evidence to show that a defendant was insane at the time of the offense due to a defendant's voluntary intoxication of controlled substances as described in chapter 893.  The Court finds that trial counsel's alleged failure to present a defense of insanity due to prolonged drug use cannot be found to have been ineffective since voluntary intoxication is a statutory barred as a defense.

Exh. 4. The appellate court per curiam affirmed. Exh. 4.

The State courts' denial was not contrary to nor an unreasonable application of Strickland.  Nor did the decision rely on an unreasonable application of the facts in light of the evidence presented. Counsel's failure to present a voluntary intoxication defense cannot be deemed deficient performance, or prejudicial within the meaning of Strickland, when such an argument was void under Florida law.  See supra at 9 (failing to raise a

meritless issue is not ineffective assistance of counsel).
Accordingly, Petitioner is denied relief on Ground Six.

### 6. Ground Seven

Petitioner argues that he rejected the State's plea offer due to defense counsel's misadvise about a possibility of raising a self-defense line of defense. Petition at 7-8. Petitioner submits that prior trial, the state made a plea offer of forty-years imprisonment to resolve the charges against him. Id. at 8. Trial counsel advised Petitioner that there was a viable claim of self-defense. Id. Specifically, trial counsel told Petitioner that although he was attempting to commit a robbery when the victim was shot, because the victim came out of his vehicle with what was determined by Petitioner to be a weapon, trial counsel believed that Petitioner acted reasonably and justifiably in the force used and that such was self-defense. Id.

The postconviction court denied Petitioner relief on this claim, finding as follows:

> Defendant contends that trial counsel misrepresented the defense of self-defense to him, which he alleges was not a viable defense and led him to reject a plea offer from the State. Defendant's claim in Ground 5 contains no more than conclusory statements, does not point to any facts or law which support his claims, nor does he demonstrate a deficiency in performance that prejudiced the defense. Wilson v. State, 531 So. 2d 1012, 1013 (Fla. 2d DCA 1988); Teffeteller v. Dugger, 734 So. 2d 1009, 1016 (Fla. 1999). Furthermore, a taped conversation between law enforcement and

> Defendant was played to the jury at the trial
> in which Defendant indicates that he felt
> threatened by the victim, feared that the
> victim had produced a weapon, and subsequently
> Defendant shot the victim out of fear. (T.
> 552-54).   Trial counsel did, in fact, argue
> that Defendant acted in self defense. (T. 740-
> 44, 761-62).  Doubtless, if self defense was
> not an allowable or viable defense, the State
> would have objected or the Court would not
> have included an explanation of self-defense
> in its instructions to the jury.  The fact
> that the defense proved to be unsuccessful
> does not necessarily lead to the conclusion
> that counsel was deficient.   The Court finds
> that trial counsel's representation of the
> viability of the defense as a viable defense
> cannot be found to have been ineffective.
> Accordingly, Ground 5 is without merit.

Exhs. 3A, 4.  The appellate court per curiam affirmed.  Exh. 4.

The State courts' denial was not contrary to nor an unreasonable application of Strickland.  Nor did the decision rely on an unreasonable application of the facts in light of the evidence presented.  Presenting a self-defense strategy was a reasonable decision given the fact that Petitioner's taped confession indicated that he saw the victim "reach for something" and prior to pulling the trigger on the gun he say him "with something chrome and shiny."  Exh. 1-F at 552-554.  "Because it would be 'all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Everett

v. Secretary, Fla. Dep't of Corr., 779 F.3d 1212, 1249 (11th Cir. 2015)(citing Strickland, 466 U.S. at 689).   Accordingly, Petitioner is denied relief on Ground Seven.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Florida Attorney General is **DISMISSED** as a named Respondent.

2.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED.**  Ground Six and Ground Eight are **DISMISSED** as unexhausted and now procedurally defaulted.   The remaining grounds are **DENIED** on the merits.

3.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.   A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___15th___ day of July, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record